# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 1:CR-06-009 |
| : | |
| v. : | |
| : | |
| JESSE KENLEY : | |

# **M E M O R A N D U M**

## I.    **Background**

Before the court is a motion by Defendant Jesse Kenley entitled "Motion Under Rules 60(B)(3)(Fraud)/60(B)6(6)" (doc. 119). The Third Circuit Court of Appeals has held that a Rule 60(b) motion may not be used by a defendant in a criminal case to relieve him from judgment. *Robinson v. Sniezek*, 401 Fed. Appx. 645, 647 n.2, 2010 WL 4540439 (3d Cir. 2010). Nonetheless, the court will address the issue below.

The present motion seeks to reopen the record in regards to a prior motion filed by Kenley on September 18, 2009 pursuant to 28 U.S.C. § 2255 (doc. 82). The motion pursuant to § 2255 was denied by memorandum and order dated January 7, 2010 (doc. 102). The Third Circuit Court of Appeals affirmed the denial of relief by this court on August 31, 2011 (doc. 107).

Defendant now seeks to reopen the judgment of denial of relief alleging that assistant United States attorney William Behe, who prosecuted the case, committed fraud upon the court. Kenley claims that the fraud that Behe

committed was directing Alicia Kenley to testify before the grand jury when Kenley claims she was his wife and, therefore, should not have been compelled to testify.

**Discussion**

In Kenley's prior § 2255 motion, he raised the issue of prosecutorial misconduct in that the government caused his wife to testify in violation of the spousal privilege. At his arraignment and guilty plea hearing on January 4, 2006, the following colloquy transpired:

> THE COURT: And did you, during the course of the investigation, attempt to dissuade your – is it ex-wife or –
>
> MR. BEHE: Ex-wife.
>
> THE COURT: ex-wife to alter any testimony that she had previously supplied to investigators?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any dispute with the facts as related by Mr. Behe?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: You agree to all the facts?
>
> THE DEFENDANT: Yes, ma'am.

(Transcript of Change of Plea Hearing, Doc. 18 at pp. 20-21.) Kenley was under oath during this proceeding.

This issue was also addressed in this court's July 6, 2006 memorandum (doc. 51) which addressed Kenley's motion to withdraw his guilty plea. Kenley appealed this court's denial of his motion to withdraw his guilty plea (doc. 66). In the judgment of the United States Court of Appeals for the Third Circuit, the court addressed this issue as follows: "Similarly, Kenley's marital privilege claim does not

advance his factual innocence claim inasmuch as Kenley's ex-wife chose not to assert her marital-privilege right when subpoenaed to testify." (*United States v. Kenley*, 299 Fed. App. 184 (3d Cir, 2008).

**III.     Conclusion**

This issue of marital privilege has previously been addressed and ruled adversely to Kenley. The motion will be denied. An appropriate order will be issued.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated: June 18, 2012.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-06-009** |
| **v.** | : | |
| **JESSE KENLEY** | : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60 (b)(6) is **DENIED**. This court certifies that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge

Dated: June 18, 2012.